**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 26 2026

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

 Travis Hodge, et al. _____ , Plaintiff

v.

**Jury Trial requested:**
(please check one)
☒ Yes     ☐ No

Amanda Retting _____ ,

Moses Stancil _____ ,

_____ ,

_____ , Defendant(s).

*(List each named defendant on a separate line.  If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in section B.  Do not include addresses here.)*

**PRISONER COMPLAINT**

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.      PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

### See attached (A. Plaintiff Information)
(Name, prisoner identification number, and complete mailing address)

### See attached
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

| | |
|---|---|
| ____ | Pretrial |
| ____ | Civilly committed detainee |
| ____ | Immigration detainee |
| _X_ | Convicted and sentenced state prisoner |
| ____ | Convicted and sentenced federal prisoner |
| ____ | Other: *(Please explain)* _____ |

## B.      DEFENDANT(S) INFORMATION
*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:   Amanda Retting, SOTMP Director, 1250 Academy Park Loop, Colorado Springs, CO
(Name, job title, and complete mailing address)

80906

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ____ No *(check one)*.  Briefly explain:

At the time of the incidents giving rise to this complaint, Defendant Amanda Retting

acted as director of the CDOC Sex Offender Treatment and Monitoring Program.

Defendant 1 is being sued in his/her _X_ Individual and/or _X_ official capacity.

2

Defendant 2:   Moses Stancil, Colorado Department of Corrections Executive Director, 1250
              (Name, job title, and complete mailing address)

              Academy Park Loop, Colorado Springs, CO 80906

              At the time the claim(s) in this complaint arose, was this defendant acting under
              color of state or federal law?  __X_ Yes ——— No *(check one).* Briefly explain:

              At the time of the incidents giving rise to this complaint, Defendant Moses Stancil

              acted as executive director of the Colorado Department of Corrections.

              Defendant 2 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 3:   _____
              (Name, job title, and complete mailing address)

              _____

              At the time the claim(s) in this complaint arose, was this defendant acting under

              color of state or federal law?  ——— Yes ——— No *(check one).* Briefly explain:

              _____

              _____

              Defendant 3 is being sued in his/her ____ individual and/or ____ official capacity.


## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_    State/Local Official (42 U.S.C. § 1983)

———    Federal Official
       as to federal official, are you seeking:
       ——— Money damages pursuant to *Biven v. six unknown named Agents of Fed. Bureau of narcotics,* 403 U.S. 338 (1971)

       ——— Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

_X_    Other: *(please identify)* 28 U.S.C. § 1367 (Supplemental Jurisdiction); 28 U.S.C. § 1332
       (Diversity of Citizenship)

**D.      STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including your date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claim(s), use extra paper to continue that claim or to assert additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as  "D. STATEMENT OF CLAIMS."*

CLAIM ONE:  See attached (D. Statement of Claims)

     Claim one is asserted against these defendant(s):

     Supporting facts:

4

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? __X_ Yes ____ No *(check one)*.

*If your answer is "yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as " E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):    ~~See attached (E. Previous Lawsuits)~~_____

Docket number and court:    _____

Claims raised:    _____

Disposition: (is the case still pending?
has it been dismissed? ; was relief granted)    _____

Reason for dismissal, if dismiss:    _____

Result on appeal, if appealed:    _____


## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

_X_ Yes ____ No *(check one)*

Did you exhaust administrative remedies?

_X_ Yes ____ No *(check one)*

5

**G.     REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

See attached (G. Request for Relief)

**H.     PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*See attached*
_____
(Plaintiff's signature)

_____
(Date)

**Additionally, see attached (H. Plaintiff's Signatures)**

(Revised November 2022)

6

# A. Plaintiff Information

**Plaintiff Name:** Travis Hodge

**Inmate Identification Number:** 202334

**Mailing Address:** Bent County Correctional Facility, 11560 CO Rd FF 75, Las Animas, CO 80154

**Other Names:** N/A

**Current Prisoner Status:** Convicted State Prisoner


**Plaintiff Name:** Jan Rogers

**Inmate Identification Number:** 186839

**Mailing Address:** Bent County Correctional Facility, 11560 CO Rd FF 75, Las Animas, CO 80154

**Other Names:** N/A

Current Prisoner Status: Convicted State Prisoner


**Plaintiff Name:** David Enright

**Inmate Identification Number:** 185630

**Mailing Address:** Bent County Correctional Facility, 11560 CO Rd FF 75, Las Animas, CO 80154

**Other Names:** N/A

Current Prisoner Status: Convicted State Prisoner

# D. Statement of Claims

## Facts

Plaintiffs, Travis Hodge, Jan Rogers and David Enright, are currently incarcerated in Colorado Department of Corrections (CDOC) custody. Each plaintiff was convicted of a sex offense, and was sentenced to an indeterminate life term in prison. By law, Plaintiffs may not be released from prison unless and until they are certified as having completed sex offense treatment provided by the CDOC Sex Offender Treatment and Monitoring Program (SOTMP). Plaintiffs have each surpassed their parole eligibility dates, and have not had an opportunity to participate in SOTMP treatment. At least two plaintiffs, Hodge and Rogers, have been affirmatively told by parole officials that this is a statutory bar to the grant of parole release. Plaintiff Hodge was specifically told by Courtney Williams, a member of the Colorado Parole Board, that his crime was "not the most serious" and that he was a "good candidate" to parole, but Mr. Hodge would not be eligible for parole until completion of the SOTMP.

Plaintiffs are held at a private prison, Bent County Correctional Facility (BCCF), which does not offer the program. Plaintiffs were each transferred to this prison following their admission to CDOC custody without being provided notice that SOTMP treatment would not be offered at the facility. Plaintiffs do not have any means by which to challenge the decision to transfer them to BCCF. Upon information and belief, the company which operates BCCF charges the CDOC less per inmate to house Plaintiffs than would be spent if Plaintiffs were housed at a facility which offers SOTMP treatment.

Defendant Amanda Retting is the director of the SOTMP, and is responsible for the administration of the program. Upon information and belief, Defendant Retting has failed, or refused, to provide SOTMP access to more than a very small number of inmates.

As of July, 2024, only approximately 30 inmates were participating in SOTMP treatment at any given time, according to data previously published on the CDOC website. This is contrasted against the roughly 300-350 participating at any given time in mid-2019, according to the same data. Upon information and belief, the average amount of time spent in SOTMP treatment prior to being certified as having successfully completed the program for parole purposes is approximately two years.

Upon information and belief, the total number of people indeterminately sentenced, and therefore requiring SOTMP treatment in order to ever be released from prison, is approximately 1,700 people. Upon information and belief, fewer than ten people were certified as having completed the SOTMP treatment program in the entire calendar year of 2024. Data on SOTMP program participation was previously available to the public on the CDOC website. However, Plaintiffs and their family members can no longer find this information on the website. The exact number of people who completed the SOTMP in 2025 is not yet known by the Plaintiffs, but Plaintiffs expect to obtain this information via the discovery process. Extensive efforts have been made by family members of Plaintiff Hodge to obtain this data via a public records request. Despite multiple emails, phone calls, one physical letter, and several months awaiting a response from CDOC personnel, the request has not yet been complied with. Plaintiff Hodge's family has previously been able to obtain other documents unrelated to the SOTMP from CDOC personnel more quickly, often within less than a week.

Upon information and belief, following the COVID-19 pandemic in 2020, all major programs within the CDOC (e.g., GED education classes, alcohol treatment, drug treatment, etc.) suffered substantial reductions in capacity. Included among these programs was the SOTMP. However, according to data previously published on the CDOC website, while other programs generally recovered to their pre-pandemic rates of inmate participation within one-to-two years following this decline, the SOTMP has never recovered to its pre-pandemic levels of participation.

Upon information and belief, Defendant Retting has failed, or refused, to engage in the actions necessary to adequately staff the SOTMP. While the CDOC has attempted to aggressively recruit new staff for many positions within the Department, upon information and belief, the CDOC has expended much less effort and energy on hiring efforts for SOTMP therapists and counselors.

Upon information and belief, the SOTMP budget is established by the Colorado General Assembly, and specifies set salary rates for staff.

Upon information and belief, the CDOC has failed, or refused, to retain full time therapists or counselors for the SOTMP at the rate of pay specified in the budget.

Upon information and belief, Defendant Retting has retained a limited number of private contractors as therapists and counselors for the SOTMP.

Upon information and belief, the CDOC pays much higher rates for private contracted therapists and counselors, but Defendant Retting has not disclosed to the General Assembly the fact that funding previously allocated for staff therapists and counselors has been used for the purpose of hiring fewer privately contracted therapists and counselors at much higher rates of pay.

According to an audit report released in 2025 following a legislative mandate, the CDOC has engaged in similar hiring behavior with other mental health professionals, also opting to hire a small number of expensive private contractors instead of attempting to recruit a larger number of permanent staff.

Upon information and belief, this policy has resulted in much higher vacancy rates for mental health positions, including those contained within the SOTMP, because a large portion of CDOC mental health funding is utilized to pay the higher rates demanded by the contractors.

Upon information and belief, Defendant Retting has had the opportunity to request more funding from the legislature in order to cure the SOTMP's staffing issues. Upon information and belief, no substantial efforts to lobby the legislature for this purpose have been made by Defendants Retting or Stancil, nor by the wider CDOC.

Upon information and belief, at the current rate at which inmates are processed through the SOTMP, substantially more indeterminately sentenced inmates are admitted to CDOC custody each year than are able to progress through the program during the same timeframe, indefinitely extending the wait time for Plaintiffs to be admitted to the SOTMP.

Upon information and belief, Defendant Stancil has implemented a policy of transferring indeterminately sentenced prisoners to facilities which do not offer the SOTMP, in order to warehouse them indefinitely while they await admission to the program.

3

Plaintiffs have grieved this issue within the CDOC grievance process. Plaintiff Hodge received a response from the final grievance appeal officer stating that the grievance process cannot be used to address issues related to housing or facility placement.

Upon information and belief, no policy or procedure exists for plaintiffs to challenge their placement at a facility which does not offer SOTMP treatment.

Upon information and belief, CDOC has many beds available at facilities which do offer SOTMP treatment, and which are not currently occupied by inmates requiring SOTMP treatment. However, CDOC refuses to transfer Plaintiffs for the purpose of obtaining treatment. Upon information and belief, SOTMP treatment can be provided remotely, via video link. However, CDOC has refused to provide Plaintiffs treatment remotely via video link.

Upon information and belief, Defendants Stancil and Retting administer the waiting list to be admitted to the SOTMP, referred to as the "Global Referral List" (GRL), in an arbitrary and capricious way, such that Plaintiffs may never reach the top of the list and be admitted to the SOTMP.

Upon information and belief, CDOC prisoners were previously informed of their specific position on the GRL at some point in the past, but Defendants formally rescinded this practice after indeterminately sentenced prisoners discovered that their place on the list fluctuated, seemingly day-to-day.

Upon information and belief, Defendants use antiquated DOS software, called MPS, to administer the GRL. This software has been described in previous litigation as buggy and prone to error, and CDOC staff have previously admitted in an evidentiary hearing that they have had to check the software's generated lists for errors on a daily basis.

Upon information and belief, these policies and practices were developed and/or implemented by Defendants Retting and Stancil.

4

In the state of Colorado, the field of sex offense treatment is regulated by the Colorado Sex Offender Management Board (SOMB). The SOMB publishes guidelines regarding the treatment, incarceration and supervision of people convicted of a sex offense. Among these are the SOMB Adult Standards.

The 2025 SOMB Adult Standards state that sex offense treatment should be made available while a parson is incarcerated. Defendant Retting is an SOMB licensed sex offense treatment provider.

In mid-2025, Plaintiffs sent a notice of intent to sue to the Colorado Attorney General's Office, as required by the Colorado Government Immunity Act, in order to preserve common law tort claims against Defendants Retting and Stancil.

Plaintiff Travis Hodge previously resided in Germany prior to being arrested and returned to the United States. He also resided in North Carolina prior to that. Mr. Hodge intends to leave the state again once he has discharged his sentence.

## Claim One: Deprivation of Substantive and Procedural Due Process in Violation of the 14th Amendment

Claim one is asserted against Defendants Amanda Retting and Moses Stancil in their official and individual capacities.

In the prison context, due process claims are limited by precedent, and prisoners may only raise a due process claim in the event of a deprivation which causes "atypical and significant hardship" in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 US 472, 484 (1995).

Multiple plaintiffs' claims concerning deprivation of access to, or arbitrary removal from, SOTMP treatment have survived motions to dismiss and motions for summary judgment under the *Sandin* standard in this District. *See, e.g., Beebe v. Heil*, 333 F. Supp. 2D 1011 (D. Colo. 2004); *Lerner v. Stancil*, No. 22-cv-00888-NYW-NRN, 2023 U.S. Dist. LEXIS 90078, 2023 WL 3595998 (D. Colo. May 23, 2023) ("Colorado law vests SOLSA inmates with a liberty interest in the opportunity to access

5

sex-offender treatment."); Tillery v. Raemisch, No. 16-cv-00282-WJM-STV, 2018 U.S. Dist. LEXIS 170894, 2018 WL 4777411 at *1 (D. Colo. Oct. 3, 2018) ("Plaintiff has a liberty interest in not having his indeterminate sentence become a *de facto* life sentence because he cannot begin [SOTMP].").

In this context, two sets of circumstances have been held sufficient to state a due process claim:

(1) Where plaintiffs have plausibly alleged that they were transferred to facilities which do not offer the program; that they did not have a means to challenge the decision; and that the CDOC performed these actions as a matter of policy.

(2) Where plaintiffs have plausibly alleged that the CDOC administered the GRL wait list to get into the SOTMP in an arbitrary and capricious way, such that plaintiffs may never reach the top of the list.

Plaintiffs raise due process claims related to both circumstances in this complaint.

First, Plaintiffs have all been transferred to a private prison which does not offer the SOTMP program. Plaintiff Travis Hodge was affirmatively informed via the CDOC grievance procedure that such a decision was not grievable as a matter of policy. Plaintiffs do not have any other means by which to challenge their transfers. Defendants have established this policy or practice of transferring indeterminately-sentenced prisoners, despite repeated decisions by this Court confirming that this practice unlawfully deprives indeterminately-sentenced prisoners of due process.

For these reasons, Plaintiffs raise procedural and substantive due process claims related to their arbitrary transfer and deprivation of a means to challenge the decision.

Secondly, Defendants continue to utilize outdated software to maintain the GRL which has been known to generate the wait list in an arbitrary and capricious manner. Defendants have previously litigated the issue, and were placed on notice that arbitrary administration of the GRL would unlawfully deprive indeterminately-sentenced prisoners of due process. This is because such arbitrary administration of the wait list has the real potential to convert an indeterminate prison sentence into "a *de facto* life sentence" which would stretch far beyond the intention of the legislature. *Tillery*, 2018 WL 4777411 at *1.

6

For these reasons, Plaintiffs raise procedural and substantive due process claims related to Defendants' arbitrary and capricious administration of the GRL wait list.

## Claim Two: Malpractice

Claim two is asserted against Defendant Retting in her individual and official capacities.

Malpractice is a state tort claim which this Court has jurisdiction to hear pursuant to its supplemental jurisdiction. 28 U.S.C. § 1367. Additionally, this Court must hear claims raised under its diversity jurisdiction. 28 U.S.C. § 1332.

Diversity jurisdiction is applicable when the Plaintiff and Defendant are residents of different states. 28 U.S.C. § 1332(a)(1). In the 10th Circuit, prisoners are considered to be residents of other states if they were arrested in another state, or have expressed intent to leave the state in which they are incarcerated upon terminating their sentences. *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). Plaintiff Travis Hodge previously resided outside of Colorado prior to being arrested, and intends to leave the state again upon discharge of his sentence. For this reason, this Court has diversity jurisdiction to hear Plaintiff's state tort claim.

In Colorado, "the plaintiff must show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and that the defendant's breach caused the plaintiff's injury" in order to state a claim of medical malpractice. *Day v. Johnson*, 255 P.3d 1064, 1068-69 (Colo. 2011). Additionally, tort claims against state officials filed by sentenced and incarcerated state prisoners must allege conduct which is "willful and wanton" in accordance with state law. *Davis v. Paolino*, 21 P.3d 870 (Colo. 2001).

Prison medical and psychological staff owe a duty of care to prisoners, and must provide "services at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards". *Fernandez v. U.S.*, 941 F.2d 1488, 1493 (11th Cir. 1991).

In the State of Colorado, the provision of sex offense therapy is regulated by the Colorado Sex Offender Management Board (SOMB). The SOMB sets standards of care which must be adhered to by

licensed sex offense therapists. Colorado SOMB, *2025 Adult Standards* (2025).

Among other requirements, the SOMB adult standards state that sex offense treatment should be provided for the duration that a person is incarcerated. *Id.*

Defendant Retting, an SOMB-licensed sex offense treatment provider, has willfully and wantonly refused to reasonably act to provide Plaintiffs with this treatment for the duration of their incarceration. As a result, Plaintiffs have been deprived of the means by which they may address their underlying mental health problems and, by extension, obtain release from incarceration.

For these reasons, Defendant Retting (1) has a legal duty of care which has been (2) breached; this has caused (3) injury to Plaintiffs, and Defendant's breach (4) caused Plaintiffs' injury.

Plaintiffs therefore assert a claim of malpractice against Defendant Retting.

## Claim Three: Negligence

Claim three is asserted against Defendant Stancil in his individual and official capacities.

Negligence is a state tort claim which this Court has jurisdiction to hear pursuant to its supplemental jurisdiction. 28 U.S.C. § 1367. Additionally, this Court must hear claims raised under its diversity jurisdiction. 28 U.S.C. § 1332.

Diversity jurisdiction is applicable when the Plaintiff and Defendant are residents of different states. 28 U.S.C. § 1332(a)(1). In the 10th Circuit, prisoners are considered to be residents of other states if they were arrested in another state, or have expressed intent to leave the state in which they are incarcerated upon terminating their sentences. *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). Plaintiff Travis Hodge previously resided outside of Colorado prior to being arrested, and intends to leave the state again upon discharge of his sentence. For this reason, this Court has diversity jurisdiction to hear Plaintiff's state tort claim.

8

In Colorado, "a plaintiff must show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and causation, i.e., that the defendant's breach caused the plaintiff's injury" in order to state a claim of negligence. *Greenberg v. Perkins*, 845 P.2d 530, 533 (Colo. 1993). Additionally, tort claims against state officials filed by sentenced and incarcerated state prisoners must allege conduct which is "willful and wanton" in accordance with state law. *Davis v. Paolino*, 21 P.3d 870 (Colo. 2001).

Prison administrators are responsible for the provision of medical and psychological care, owe a duty of care to prisoners, and must ensure the provision of "services at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards". *Fernandez v. U.S.*, 941 F.2d 1488, 1493 (11th Cir. 1991).

In the State of Colorado, the provision of sex offense therapy is regulated by the Colorado Sex Offender Management Board (SOMB). The SOMB sets standards of care which must be adhered to, both during and after a person's incarceration. Colorado SOMB, *2025 Adult Standards* (2025).

Among other requirements, the SOMB adult standards state that sex offense treatment should be provided for the duration that a person is incarcerated. *Id.*

Provision of sex offense treatment during incarceration is also mandated by state law. Colo. Rev. Stat. § 18-1.3-1001 ("The general assembly therefore declares that a program under which sex offenders may receive treatment and supervision for the rest of their lives, if necessary, is necessary for the safety, health, and welfare of the state."); *also see Lerner v. Stancil*, No. 22-cv-00888-NYW-NRN, 2023 U.S. Dist. LEXIS 90078 at *18 - *28 (D. Colo. May 23, 2023) ("One of [the indeterminate sentencing statute's] principal objectives, evinced throughout the statutory text, is ensuring sex-offender treatment for sex offenders."); *Beebe v. Heil*, 333 F. Supp. 2D 1011, 1016 (D. Colo. 2004) ("While the statute does vest some degree of discretion in the Colorado Department of Corrections, that discretion is not as to whether a sex offender should receive treatment; rather, it is as to what kind of treatment is 'appropriate' for the offender.").

Defendant Stancil, the Executive Director of the Colorado Department of Corrections, has willfully and wantonly refused to reasonably act to provide Plaintiffs with this treatment for the duration of their incarceration. As a result, Plaintiffs have been deprived of the means by which they may address their underlying mental health problems and, by extension, obtain release from incarceration.

For these reasons, Defendant Stancil (1) has a legal duty of care which has been (2) breached; this has caused (3) injury to Plaintiffs, and Defendant's breach (4) caused Plaintiffs' injury.

Plaintiffs therefore assert a claim of negligence against Defendant Stancil.

# E. Previous Lawsuits

**Plaintiff:** Travis Hodge

**Names of Previous Defendants:** Joseph Roybal, El Paso County Sheriff's Office, Deputy Payne, Doe Defendants

**Docket Number and Court:** Docket # unavailable due to destruction of papers; filed in U.S. Dist. Court for the Dist. of Colorado.

**Claims Raised:** Retaliation (First Amendment); ADA Discrimination; Infringement of Free Speech (First Amendment); Infringement of Free Speech (Art. II, § 10, Colo. Const.)

**Disposition:** Dismissed without prejudice.

**Reason for Dismissal:** Failure to prosecute.

**Result on Appeal:** N/A

# G. Request for Relief

## Claim One

As to claim one, Plaintiffs respectfully request that this Honorable Court award the following relief:

(1) Nominal damages in the amount of $1.00 (USD) from each named defendant, for each named plaintiff.

(2) Punitive damages in the amount of $100,000.00 (USD) from each named defendant, for each named plaintiff.

(3) Injunctive relief in the form of an order requiring Defendants to admit Plaintiffs to the SOTMP and to provide sex offense treatment to Plaintiffs.

## Claim Two

As to claim two, Plaintiffs respectfully request that this Honorable Court award the following relief:

(1) Compensatory damages in the amount of $150,000.00 (USD) from Defendant to be evenly divided among all named plaintiffs.

(2) Injunctive relief in the form of an order requiring Defendant to admit Plaintiffs to the SOTMP and to provide sex offense treatment to Plaintiffs.

## Claim Three

As to claim three, Plaintiffs respectfully request that this Honorable Court award the following relief:

(1) Compensatory damages in the amount of $150,000.00 (USD) from Defendant to be evenly divided among all named plaintiffs.

(2) Injunctive relief in the form of an order requiring Defendant to admit Plaintiffs to the SOTMP and to provide sex offense treatment to Plaintiffs.

To comply with the requirements of the Eleventh Amendment of the U.S. Constitution, for each claim, all injunctive relief is requested against Defendants in their official capacities. All monetary damages are requested against Defendants in their individual capacities.

# H. Plaintiffs' Signatures

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
(Date)

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
(Date)

1

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

1/2/2026
_____
(Date)

2